[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 12, 1996
The plaintiffs, Arkady and Luba Viderman, filed a three-count revised complaint on February 13, 1996, against the defendants, Samuel Pastore and Faye Steinberg for actions arising out of automobile accident that occurred on July 3, 1993. CT Page 2895-BB
The defendant Samuel Pastore filed a motion for summary judgment with a memorandum of law and attachments on March 11, 1996, alleging that the claim is barred by the statute of limitations, § 52-584.
"The standard of review of a trial court's decision to grant a motion for summary judgment is well established. Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Barrett v. Danbury Hospital, 232 Conn. 242,250, 654 A.2d 748 (1995). Summary judgment may be granted where an action was not commenced within the period of the statute of limitations. Burns v. Hartford Hospital, 192 Conn. 451, 454,472 A.2d 1257 (1984).
The plaintiffs allege that the suit is filed pursuant to the accidental failure of suit statute, General Statutes §52-592, which provides that if an action, commenced within the time limited by law, fails to be tried on its merits for an enumerated list of reasons, it may be brought within one year of the determination or reversal of the previous action. The defendant argues that the original action was not commenced within two years because the sheriff's return was dated July 6, 1995, and the suit had to commence by July 3, 1995. The complaint alleges that the writ, summons and complaint were delivered to the sheriff on June 29, 1995. The defendant, while not contesting the date of delivery, argues that the plaintiffs nevertheless did not comply with § 52-593a(b). General Statutes § 52-593a(a) provides that a cause of action shall not be lost if the process is personally delivered to an officer within the time limit and is thereafter served within fifteen days of the delivery. General Statutes § 52-593a(b) provides: "In any such case the officer making service shall endorse under oath on his return the date of delivery of the process to him for service in accordance with this statute."
While some courts have held that the officer's return must contain the endorsement, see Kelly-Kroen v. Dock StreetAssociates, Superior Court, judicial district of Stamford/Norwalk at Norwalk, Docket No. 128559 (July 21, 1993) (Lewis, J.), other courts have permitted the suit to go forward where the plaintiff CT Page 2895-CC filed affidavits from the sheriff attesting that the sheriff received service within the time provided. Biondo v. Town ofGreenwich, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 139590 (April 6, 1995) (D'Andrea, J.);Landi v. Town of Greenwich, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 139591 (April 6, 1995) (D'Andrea, J.).
The revised complaint alleges that the sheriff received service within the time limitation. The defendant does not contest the fact that the sheriff received service within the time limitation. The plaintiff attached an affidavit from the sheriff to a previous memorandum in opposition to a motion for summary judgment that states that the complaint was delivered to the sheriff on June 29, 1996. There is no dispute as to the date the papers were delivered to the sheriff. "We have often stated that `we will not exalt form over substance.'" State v. Manini,38 Conn. App. 100, 107, 659 A.2d 196 (1995); State v. Rosedom,34 Conn. App. 141, 143, 640 A.2d 634 (1994). Accordingly, the motion for summary judgment is denied.
Ryan, J.