[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The State in this case has charged the defendant, acting in concert with two other persons, with 12 crimes in connection with sexual assaults on the victim, then 13, on January 25, 1999. Trial is scheduled to begin today. Pending motions raise important issues relating to Section 54-86f, "Admissibility of evidence of sexual conduct," commonly known as the "rape shield" statute.
On April 8, 2002, defendant filed a Motion In Limine For Evidentiary Hearing Pursuant to C.G.S. Section 54-86f. An amended motion was filed on or about April 11. The State opposed the motion, arguing that an evidentiary hearing was not required. On April 17, 2002, the State filed a Motion to Conduct In-Camera Evidentiary Hearing on Defendant's Motion In Limine For Evidentiary Hearing Pursuant to C.G.S. Section 54-86f. Defendant filed an Objection to Closing Courtroom During Hearing Pursuant to C.G.S. Sec. 54-86f.
Oral argument on these motions was held on April 23, 2002. Decision on them was reserved.
For the following reasons, Defendant's Motion In Limine For Evidentiary Hearing Pursuant to C.G.S. Section 54-86f is denied. The Court agrees with the State that the defendant has failed to make a sufficient offer of proof to trigger the need for such a hearing.[1]
Discussion
CT Page 6325
According to his April 11, 2002, Motion In Limine For Evidentiary Hearing Pursuant to C.G.S. Section 54-86f, defendant wishes an evidentiary hearing to be held concerning two separate matters. In support of this motion, defendant relies on various provisions of the State and Federal constitutions, including his Sixth Amendment right to confront the witnesses against him.
First, as recited in paragraphs 1 and 2 of his motion, defendant wishes to explore the possibility that the victim made a false claim concerning a prior sexual assault by her father. In paragraph 1 of the motion, defendant recites that "The alleged victim has admitted in writing that `I told my sister a big lie . . .' concerning a prior sexual assault by her father." Attached to the motion is a document which purportedly supports this allegation. In paragraph 2, defendant's motion recites that "According to the history given to social workers in connection with a videotaped [sic] at The Aetna Foundation Children's Center, the alleged victim `ran away from home after having been pressured by family members to recant her allegations relating to sexual abuse by her biological father.'" Defendant claims that he should be permitted to examine the issue of whether the victim had made a prior false allegation of sexual misconduct against someone else — her father — pursuant to Section 54-86f (2) and (4).[2]
It is of course true that a criminal defendant's Sixth Amendment right to question the witnesses against him is paramount to his or her ability to meaningfully defend against serious charges. State v. Manini,38 Conn. App. 100 (1995). Improper curtailing of this important right can, and should, result in reversal of a conviction in certain circumstances. See, e.g., State v. Rolon, 257 Conn. 156 (2001); State v.Horrocks, 57 Conn. App. 32 (2000). Nonetheless, "a determination that a defendant is entitled to an evidentiary hearing involving the victim's testimony is not automatic but, instead, is subject to the discretion of the trial court." Id. at 111. The Court must make a threshold determination if the offer of proof relating to alleged prior false claims is relevant. State v. Barrett, 43 Conn. 667, 674 (1996); State v.Slater, 23 Conn. App. 221, 225 (1990). A defendant must make "a preliminary showing that the evidence sought to be explored in the evidentiary hearing is relevant." State v. Manini, supra, at 114. Continued the court in Manini:
 The showing must be sufficient to enable the trial court to make an informed ruling in connection with the exercise of its discretion. That showing must be made as part of the offer or proof as a prerequisite to obtaining an evidentiary hearing to determine the CT Page 6326 admissibility of evidence of the victim's prior sexual conduct . . . This interpretation of our rape shield statute is consistent with its plain language, as well as with the intent of the legislature to shield the victim from undue harassment and embarrassment, without infringing on the constitutional rights of the defendant.
Under the case law as it has developed, the burden is on the defendant to establish that the prior complaint of sexual misconduct is false.State v. Sullivan, 244 Conn. 640, 648-49 (1998). "In order to get such evidence before the jury, he must make a showing that, in fact, the prior complaint was . . . false." Id. To carry his threshold burden of establishing relevance as a prerequisite to obtaining a hearing, the defendant must make a preliminary showing sufficient to demonstrate that the evidence sought to be explored is relevant, and to enable the court to make "an informed ruling" in connection with its exercise of discretion. State v. Manini, supra, at 114. Whether the defendant's proffer is sufficient to support the possible admissibility of evidence of prior sexual conduct, in derogation of the mandate of Section 54-86f, is a matter to be determined by the trial court on a case-by-case basis. Statev. Rolon, 257 Conn. 156, 178-79 (2001). Where a defendant's proffer failed to establish "even the inference" that the victim's prior allegations of sexual assault were false, the defendant's request for a rape shield hearing was properly denied. Other courts in other jurisdictions have used varying formulations. See, e.g., State v.DeSantis, 456 N.W.2d 600, 606 (Supreme Court of Wisconsin 1990) ("We conclude that the defendant should produce evidence at the pre-trial hearing sufficient to support a reasonable person's finding that the complainant made prior untruthful allegations".) See also Fishman, "Consent, Credibility and the Constitution: Evidence Relating to a Sex Offense Complainant's Past Sexual Behavior," 44 Cath.U.L.Rev. 709, 772-777 (Spring 1995). ("The alternative to this [reasonable person standard] is to require the defendant to persuade the judge of the falsity of the complainant's prior rape allegations by a preponderance of the evidence.").
In this case, no matter what standard is applied, the Court concludes that the defendant's proffer is insufficient to trigger the need for a hearing, for the following reasons.
First, the attachment to the defendant's motion is ambiguous. It is not clear, based on the proffer, who created the document or what it means. Even assuming that it accurately reflects the victim's views, it does not lead to the conclusion that the victim made a prior false allegation against her father. What the present record reflects is that the victim CT Page 6327 made an allegation of sexual abuse by her father, and that she later admitted to having been pressured by family members to recant her initial accusation. More significantly, the State has represented that the father pleaded guilty pursuant to the Alford doctrine to a charge of risk of injury stemming from the victim's allegations. Considering all of the facts known to the court, a reasonable person would not conclude that the victim's prior allegations were false. Quite to the contrary, a reasonable person would conclude that they were most likely true. SeeState v. Slater, 23 Conn. App. 221, 225-26 (1990), where the court noted that the defendant had failed to establish the falsity of the victim's prior allegations when the man accused in her first prior complaint had pleaded guilty to a charge of sexual assault in the third degree underAlford. The instant case appears to be closer to State v. Barrett, in which defendant's proffer failed to trigger an evidentiary hearing, thanState v. Manini, in which the court found error, in light of psychiatric records indicating that the victim had delusions and hallucinations of a highly sexualized nature.
Inconsistent indications alone do not trigger a hearing. Cf. State v.Barrett at 675. It is clear to the Court that the defendant has failed to demonstrate the falsity of the prior allegation. On the present record, no reasonable inference can be drawn that the previous allegation was false
Two other factors inform the Court's decision. First, the prior allegations concerned allegations of sexual abuse, against a father, within the family unit. This is distinctively different than a claim of the sort here, in which the victim claims to have been forcibly raped by three anonymous men acting in concert, and then threatened. Even if defendant could establish the falsity of the previous allegation — which he cannot — permitting inquiry into this area would inevitably lead into a thicket of collateral matters involving the victim's family and a "trial within a trial." Factors such as time and confusion, plus the inherently different nature of the issues, leads to the conclusion that the probative value of the inquiry would be outweighed by its prejudicial value and capacity to distract the jury's attention from the central issues in the case.
Second, the allegedly prior false allegations were made when the victim was a child, and related to events alleged to have occurred when the victim was a young child. In other words, the events involved are remote in time. See State v. Sullivan, 244 Conn. 640, 652 (1998). In Sullivan, Justice Peters stated that the defendant's assertions in his offer of proof "were too speculative" to trigger the need for an evidentiary hearing. She added: "The trial court could reasonably have concluded that the claimed events were remote in time, had minimal bearing on the CT Page 6328 victim's credibility and would have injected a collateral issue into the trial." These same factors are present here, including the remoteness in time. See also State v. Cassidy, 3 Conn. App. 364, 384 (1985) (somewhat similar incident a year prior to alleged assault does not create logical inference that victim had acted in manner described by defendant).
Even if the defendant succeeds in establishing the relevance of the prior false allegation of sexual assault, the trial court may still exclude the evidence "if its probative value is outweighed by such factors as time, confusion or prejudice." That is the case here, based on the present state of the record.
Turning to the second issue, defendant, in paragraph 3 of his motion, alleges that "After running a way from home, the young woman admitted to more than one sexual encounter with strangers in the days just before the alleged incident." Defendant argues, based on this allegation, that he has triggered the right to have an evidentiary hearing. He bases his argument principally on the first exception set out in Section 54-86f, which states that evidence of the sexual conduct of the victim may be admitted if it is "offered by the defendant on the issue of whether the defendant was, with respect to the victim, the source of semen, disease, pregnancy or injury." Defendant also relies on Section 54-86f (4). Defendant's argument is unpersuasive.
As noted above, the threshold inquiry in instances such as this relates to the potential relevancy of the testimony being considered. The defendant has the burden, in his offer of proof, of demonstrating that the information into which he wishes to inquire is potentially relevant. Additionally, as noted, Section 54-86f requires the victim to have testified on direct examination as to the alleged prior sexual conduct.State v. Butler, 11 Conn. App. 673, 683 (1987). That has not occurred. More to the point, the State has represented to the court that it has no intention of seeking to introduce semen evidence against this defendant. Consequently, evidence that other encounters led to the presence of semen is not relevant. State v. Dabkowski, 199 Conn. 193, 206 (1986).
It is a reasonable exercise of judicial discretion to exclude evidence the relevancy of which appears to be so slight and inconsequential that to admit it would distract attention which should be concentrated on vital issues of the case. State v. Butler, 11 Conn. App. 673, 683
(1987). Nor, it should be added, is there any indication in the record that the prior alleged sexual encounters resulted in any harm or injury to the victim. See State v. Siering, 35 Conn. App. 173, 177-78 (1994). In light of the facts as presently developed, the probative value of any such evidence seems quite low, while the prejudicial impact could be substantial. State v. Cuesta, 68 Conn. App. 470, 476-77 (2002). CT Page 6329
 ***********
The Court notes that it has reviewed the DCF records provided to it. That review discloses nothing which so reflects on the victim's ability to comprehend, know or correctly relate the truth that it must be provided to defense counsel. State v. Kulmac, 230 Conn. 43 (1994).
In light of the Court's decision that the defendant's proffer has failed to trigger the right to a hearing pursuant to Section 54-86f, the Court need not consider whether any such hearing should be closed or in camera.
If developments during the trial, including testimony by the victim, require the Court to reconsider this decision, it will be revisited without hesitation.[3]
 ___________________ Douglas S. Lavine Judge, Superior Court