STATE OF CONNECTICUT *v.* JOHN SLATER, JR.
(8258)

DUPONT, C. J., DALY and O'CONNELL, Js.

Argued June 12—decision released September 11, 1990

*Theresa M. Dalton,* assistant public defender, for the appellant (defendant).

*Marjorie Allen Dauster,* deputy assistant state's attorney, with whom, on the brief, were *John A. Connelly,* state's attorney, and *Eva B. Lenczewski,* deputy assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, after a jury trial, of the crime of sexual assault in the first degree in violation of General Statutes § 53a-70. The defendant claims that (1) the rape shield statute, General Statutes § 54-86f, is unconstitutional, (2) the trial court should have admitted evidence of other complaints of sexual assault made by the victim, and (3) the state should not have been permitted to file a substitute information after the close of evidence. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. In July, 1988, the victim was at the home of an acquaintance when she met the defendant for the first time. The defendant agreed to drive the victim to her car, but, after about ten minutes of driving, the defendant's car ran out of gas. The victim decided to continue on foot and asked the defendant for directions to Walnut Street. The defendant responded by offering to walk there with her.

The two walked for approximately thirty minutes. They proceeded through a parking lot and into a wooded area, the defendant having told the victim that he knew a short cut. At that point the defendant threw the victim to the ground and sexually assaulted her.

The victim escaped from the defendant and ran to a neighboring house. The police were summoned, and the victim showed the responding officers the location of the defendant's car and where the assault took place. The victim subsequently identified the defendant as her assailant.

I

The defendant first claims that the rape shield law, General Statutes § 54-86f, violates the separation of powers provisions of the Connecticut constitution; see Conn. Const., arts. II, III § 1, and V § 1; because it is an encroachment by the legislative branch into the province of the judicial branch of government. The defendant thus proposes a new line of attack against the rape shield law, which has previously been found not to violate the confrontation clause of the United States constitution. The defendant did not raise this claim at trial, and now seeks review under *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973), and *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or, in the alternative, under the plain error rule. Practice Book § 4185.

The state argues that this unpreserved claim is not reviewable because, while the claim is of constitutional magnitude, the defendant does not assert that the alleged separation of powers violation deprived him of a fair trial. Rather, the defendant's claim goes to the generalized right of one branch of the government to be free of interference from another branch.

The defendant clearly is not claiming an error by the trial judge deprived him of a fair trial, rather, he is claiming an error by the legislature, which calls into question the validity of the entire statute. "[W]ith but two exceptions, our Supreme Court has consistently refused to afford *Evans* review to challenges to the con-

stitutionality of statutes, as opposed to challenges to actions of the trial court leading to a conviction." *State v. Banta,* 15 Conn. App. 161, 182, 544 A.2d 1226, cert. denied, 209 Conn. 815, 550 A.2d 1086 (1988). The two decisional exceptions for vagueness and overbreadth discussed and rejected by the *Banta* court, in *State v. Williams,* 205 Conn. 456, 469–74, 534 A.2d 230 (1987), and in *State v. Schriver,* 207 Conn. 456, 458–59, 542 A.2d 686 (1988), do not apply in this case, and the general rule enumerated by the *Banta* court controls our resolution here.

Consequently, because this claim is a challenge to the constitutionality of an action of the legislature and not a challenge to an action of a trial court, the defendant is not entitled to *Evans-Golding* review. It does not meet the third *Golding* condition that the alleged constitutional violation clearly deprived the defendant of a fair trial. *State v. Golding,* supra. Lest this decision be interpreted as surrounding unconstitutional statutes with an uncrossable moat of unreviewability, we hasten to point out that proper preservation of the claim was all that was required in order for the defendant to challenge the statute's validity.

We also decline to review this constitutional claim as plain error under Practice Book § 4185. " 'The general rule against considering claims not raised at trial, Practice Book [§ 4185], applies also to constitutional issues.' " *Roche v. Fairfield,* 186 Conn. 490, 505, 442 A.2d 911 (1982). This case does not present one of the " 'truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings.' " *State v. Miller,* 202 Conn. 463, 469, 522 A.2d 249 (1987).

## II

The defendant next claims that the trial court should not have excluded, as irrelevant, the victim's complaints

of assault against two other men. One of these complaints was made prior to the complaint that is the subject of this case and the other complaint was made subsequent to the complaint in this case. The defendant claims that the evidence was admissible under subsection (4) of the rape shield statute as evidence "so *relevant* and material to a critical issue in the case that excluding it would violate the defendant's constitutional rights." (Emphasis added.) General Statutes § 54-86f. He argues that the exclusion prevented his effective cross-examination of the victim and thus violated his right of confrontation. U.S. Const., amends. VI, XIV; Conn. Const., art. I, § 8.

This argument requires a threshold determination of the relevancy of the proffered evidence. If the evidence is not relevant, then it clearly could not qualify as admissible under subsection (4) of § 54-86f and could properly be excluded without violating the defendant's right of confrontation. *State* v. *Franko,* 199 Conn. 481, 488, 508 A.2d 22 (1986).

The defendant must establish that the victim's complaints against the other two men were false in order to show their relevance. "The relevant conduct was that between the defendant and the victim. Unless she had raised a *false* claim before, her conduct with another man had no bearing on her conduct with this defendant or on the credibility of her testimony in this case." (Emphasis added.) *State* v. *Cassidy,* 3 Conn. App. 374, 382, 489 A.2d 386, cert. denied, 196 Conn. 803, 492 A.2d 1239 (1985); see also *State* v. *Kelly,* 208 Conn. 365, 377, 545 A.2d 1048 (1988). The defendant here has failed to establish that either of the victim's other complaints was false. The man accused in her first complaint pleaded guilty, under the *Alford* doctrine,[1] to

[1] *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

sexual assault in the third degree in violation of General Statutes § 53a-72a (a) (1) (B), and the accused in the second complaint pleaded not guilty to sexual assault in the first degree, and his case was still pending at the time of this trial.

The defendant argues that there are many similarities between the other complaints and this case, and, therefore, the other complaints must be false. We disagree. The existence of any similarities in those complaints and this case does not, per se, amount to proof of falsehood. The trial court properly excluded the evidence of the other complaints as irrelevant.

The defendant presents an alternative argument in which he appears to claim that if relevant evidence was properly excluded under § 54-86f (4), he was unconstitutionally required to satisfy a stricter standard for the admission of evidence. His argument on this point consists of nothing more than a collection of conclusory statements and unexplained citations. He has thus utterly failed to convince us that this claim has any merit.

### III

The defendant's third claim arises out of the court's allowing the state to file a second substitute information after the close of evidence but before the start of counsels' arguments to the jury. The substitute information in effect during the evidentiary portion of the trial charged the defendant with compelling the victim to engage in sexual intercourse "by the use of force and the threat of use of force." The second substitute information deleted the phrase "and the threat of use of force . . . ." The defendant did not object and now seeks review under the *Evans* bypass. *State* v. *Evans,* supra; see *State* v. *Golding,* supra. The short answer to this claim is that since the defense was that there

had been no sexual encounter of any type, the amendment eliminating the phrase "and the threat of use of force" to compel sexual intercourse could not have prejudiced the defendant. See *State* v. *Vaughn,* 20 Conn. App. 386, 390, 567 A.2d 392 (1989).

The judgment is affirmed.

In this opinion the other judges concurred.