### PATRICIA SMALL *v.* STOP AND SHOP COMPANIES, INC.
### (14775)

O'Connell, Hennessy and Stoughton, Js.

Argued April 3—officially released August 20, 1996

---

*Robert L. Fisher, Jr.*, with whom, on the brief, was *Eric A. Russman*, for the appellant (plaintiff).

*Elizabeth M. Cristofaro*, with whom, on the brief, was *Brad N. Mondschein*, for the appellee (defendant).

PER CURIAM. The plaintiff, Patricia Small, appeals from the judgment of the trial court, rendered after a jury trial, in favor of the defendant. In this negligence action, the plaintiff claims that she was injured when she tripped on an unsecured mat in the defendant's store. In its answer, the defendant denied that it was negligent and alleged by way of special defense that the plaintiff's injuries were caused by her own negligence and carelessness.

On appeal, the plaintiff claims that the trial court improperly (1) precluded her from introducing evidence on the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (2) stated in the presence of the jury that no testimony was presented on the defendant's alleged noncompliance with the building code, (3) refused to instruct the jury in accordance with the plaintiff's request to charge, (4) denied the plaintiff's motion to set aside the verdict and (5) displayed bias against the plaintiff.

The defendant argues that the general verdict rule precludes our review of the plaintiff's first four claims. It contends that these claims involve whether the trial court improperly affected the plaintiff's ability to prove her case-in-chief and do not implicate the defendant's ability to prove its special defense. The defendant fur-

ther asserts that the plaintiff's claim of judicial bias cannot be reviewed on appeal, absent plain error, because it was not preserved in the trial court and because the plaintiff did not move either for a mistrial or to disqualify the court. We conclude that the general verdict rule precludes our review of the plaintiff's first four claims and that the trial court did not display judicial bias constituting plain error. We, therefore, affirm the judgment of the trial court.

The "general verdict rule provides that, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party." (Internal quotation marks omitted.) *Curry* v. *Burns*, 225 Conn. 782, 786, 626 A.2d 719 (1993). "[T]he rule relieves an appellate court from the necessity of adjudicating claims of error that may not arise from the actual source of the jury verdict that is under appellate review." Id., 790. The general verdict rule applies "to the following scenarios: (1) denial of separate counts of a complaint; (2) denial of separate defenses pleaded as such; (3) denial of separate theories of recovery or defense pleaded in one count or defense, as the case may be; (4) denial of a complaint and pleading of a special defense; and (5) denial of a specific defense, raised under a general denial, that had been asserted as the case was tried but that should have been specially pleaded." Id., 801.

The general verdict rule applies to this case because it falls within the fourth category—"denial of a complaint and pleading of a special defense"—and the plaintiff failed to submit interrogatories. Without interrogatories, we cannot determine whether the jury found for the defendant because it found that the defendant was not the proximate cause of the plaintiff's injury or because the plaintiff was contributorily negligent in excess of 50 percent. The rule requires that we presume

the jury found for the defendant on all of the issues including the defendant's special defense of contributory negligence. The general verdict, therefore, will not be disturbed, and the plaintiff's claims of error relating to her inability to prove her case-in-chief need not be reviewed.

We next address the plaintiff's claim that the trial court was biased against the plaintiff. It is well settled that courts will not review a claim of judicial bias on appeal unless that claim was properly presented to the trial court through a motion for disqualification or a motion for mistrial. See *Knock* v. *Knock*, 224 Conn. 776, 792, 621 A.2d 267 (1993); *Gillis* v. *Gillis*, 214 Conn. 336, 343, 572 A.2d 323 (1990); *Cameron* v. *Cameron*, 187 Conn. 163, 168, 444 A.2d 915 (1982). The plaintiff failed to make either motion. Absent plain error, a claim of judicial bias cannot be reviewed on appeal unless preserved in the trial court. *Cameron* v. *Cameron*, supra, 168. Plain error exists only in " 'truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings.' " *State* v. *Burnhannan*, 34 Conn. App. 537, 541, 642 A.2d 59 (1994), quoting *Spicer* v. *Spicer*, 33 Conn. App. 152, 162, 634 A.2d 902 (1993), cert. denied, 228 Conn. 920, 636 A.2d 850 (1994). When we apply this standard to the plaintiff's unpreserved claim of judicial bias, it is clear that the trial court did not commit plain error, and, therefore, the plaintiff's claim of bias cannot be reviewed.

The judgment is affirmed.