## STATE OF CONNECTICUT *v.* WILLIAM BARRETT
## (13834)

Foti, Spear and Hennessy, Js.

Argued September 19—officially released December 3, 1996

---

*James Streeto*, special public defender, for the appellant (defendant).

*Michele C. Lukban*, deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *John Waddock*, assistant state's attorney, for the appellee (state).

HENNESSY, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of two counts of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (4),[1] and two counts of risk of injury to a child in violation of General Statutes § 53-21.[2] On appeal, the defendant claims that the trial court improperly (1) ruled that evidence of the nature of the victim's relationship with her mother and the defendant was irrelevant and too remote in time, (2) barred the defendant from cross-examining the victim regarding her prior allegations of sexual assault, (3) ruled that the substance of the argument between the victim and her mother prior to the disclosure of the

---

[1] General Statutes § 53a-71 (a) provides in pertinent part: "A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and . . . (4) such other person is less than eighteen years old and the actor is such person's guardian or otherwise responsible for the general supervision of such person's welfare . . . ."

[2] General Statutes § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

allegations was irrelevant, and (4) exhibited bias against defense counsel.[3] We disagree and affirm the judgment of the trial court.

The jury reasonably could have found the following facts. The defendant lived with the victim, her mother, and the victim's sister during the time of the assaults. The defendant was the victim's stepfather. The first incident occurred in the fall of 1991 when the victim was fifteen years old. The defendant was home alone with the victim. He told the victim that he wanted to examine her knee, which she had recently injured. During the examination, the defendant placed his hands on her leg and inserted his finger into her vagina. The second assault occurred sometime later in the fall of 1991. On this occasion, the defendant again inserted his finger into the victim's vagina. The victim told her boyfriend and her teacher about these incidents shortly after they occurred.

On January 5, 1992, the victim's mother saw her crying while on the telephone with her boyfriend. Her mother asked the victim why she was crying. When her daughter did not respond, the mother took the telephone from her and asked the victim's boyfriend. The boyfriend informed the victim's mother of the sexual assaults and the mother notified the police.

At trial, the defendant denied that he had sexually assaulted the victim and claimed that the victim had

---

[3] The defendant also states as an issue that the trial court improperly failed to release certain "psychiatric and other records" to the defendant. More specifically, the defendant requests this court to review the following sealed records: (1) the victim's school records, (2) the victim's May, 1991 admission record from her health care provider, and (3) part of the victim's file with the department of children and families (DCF). The sealed school records and the May, 1991 health care provider record were not part of the appellate file. We have reviewed the sealed portion of the DCF file and we conclude that the record was properly sealed.

fabricated the allegations. The jury returned a guilty verdict and this appeal followed.

## I

The defendant's first two claims are based on the trial court's rulings concerning evidence contained in the victim's psychiatric and medical records. The defendant claims that the court's rulings were improper and deprived him of his constitutional rights to confrontation and due process. We disagree.

The following facts are necessary for the resolution of this issue. Prior to trial, the trial court released to the defendant some of the victim's psychiatric and medical records, having found that they were probative of the witness' capacity to relate the truth or to observe, recollect and narrate relevant occurrences. See *State* v. *D'Ambrosio*, 212 Conn. 50, 58, 561 A.2d 422 (1989), cert. denied, 493 U.S. 1063, 110 S. Ct. 880, 107 L. Ed. 2d 963 (1990) (outlined special procedure for trial courts before releasing confidential records). At trial, the defendant attempted to cross-examine the victim regarding several incidents documented in the records. He argued in his offers of proof that the records showed that (1) the victim had a turbulent relationship with her mother and the defendant during the spring of 1990, the period before and after the victim's suicide attempt on March 28, 1990, (2) the victim admitted that she tended to do "crazy things" when angry, and (3) the victim had made prior allegations of sexual assault against male family members. The trial court excluded the evidence contained in the psychiatric and medical records as irrelevant. Furthermore, the court concluded that the evidence regarding her relationship with her mother and the defendant and her suicide attempt was too remote in time and that the rape shield law, General

Statutes § 54-86f,[4] prevented the admissibility of the prior allegations of sexual assault.

On appeal, the defendant maintains, as he did at trial, that the proffered evidence was relevant to establish the victim's bias, lack of credibility, and motive to accuse the defendant falsely. He further argues that the prior allegations of sexual assault are admissible because they fall under an exception to the rape shield law.

"It is well established that [t]he trial court has broad discretion in ruling on the admissibility [and relevancy] of evidence. *State* v. *Miller*, 202 Conn. 463, 482, 522 A.2d 249 (1987). The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. *State* v. *Avis*, 209 Conn. 290, 298, 551 A.2d 26 (1988), cert. denied, 489 U.S. 1097, 109 S. Ct. 1570, 103 L. Ed. 2d 937 (1989)." (Internal quotation marks omitted.) *State* v. *Bruno*, 236 Conn. 514, 549, 673 A.2d 1117 (1996). "Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue. . . . One fact is relevant to another if in the common course of events the existence of one, alone or with other facts, renders the existence of the other either more certain or more probable. . . . Evidence is irrelevant or too remote if

[4] General Statutes § 54-86f provides in pertinent part: "In any prosecution for sexual assault . . . no evidence of the sexual conduct of the victim may be admissible unless such evidence is . . . (2) offered by the defendant on the issue of credibility of the victim, provided the victim has testified on direct examination as to his or her sexual conduct . . . or (4) otherwise so relevant and material to a critical issue in the case that excluding it would violate the defendant's constitutional rights. Such evidence shall be admissible only after a hearing on a motion to offer such evidence containing an offer of proof. On motion of either party the court may order such hearing held in camera . . . . If, after hearing, the court finds that the evidence meets the requirements of this section and that the probative value of the evidence outweighs its prejudicial effect on the victim, the court may grant the motion. . . ."

there is such a want of open and visible connection between the evidentiary and principal facts that, all things considered, the former is not worthy or safe to be admitted in the proof of the latter. . . . Evidence is not rendered inadmissible because it is not conclusive. All that is required is that the evidence tend to support a relevant fact even to a slight degree, so long as it is not prejudicial or merely cumulative." (Citations omitted; internal quotation marks omitted.) *State* v. *Prioleau*, 235 Conn. 274, 305–306, 664 A.2d 743 (1995).

We find that the trial court did not abuse its discretion in ruling that the evidence of the nature of the relationship between the victim, her mother, and the defendant was irrelevant. The defendant wanted to cross-examine the victim concerning arguments between the victim, her mother and the defendant during the spring of 1990. These incidents were documented in the victim's medical and psychiatric records during her treatment following her suicide attempt on March 28, 1990, more than fifteen months prior to the sexual assaults. Although the trial court allowed the defendant to cross-examine the victim regarding her relationship with the defendant, it limited the inquiry to the fall of 1991, when the assaults occurred. "It is a reasonable exercise of judicial discretion to exclude . . . evidence the relevancy of which appears to be so slight and inconsequential that to admit it would distract attention which should be concentrated on vital issues of the case." (Citation omitted.) *State* v. *Moynahan*, 164 Conn. 560, 589, 325 A.2d 199, cert. denied, 414 U.S. 976, 94 S. Ct. 291, 38 L. Ed. 2d 219 (1973). The trial court did not abuse its discretion in ruling that incidents that occurred more than fifteen months prior to the assaults were irrelevant in determining whether animus toward her mother and stepfather was the impetus for the victim's allegations.

We further find that the trial court properly concluded that the evidence of prior sexual assault allegations

made by the victim against other male family members was irrelevant and barred by the rape shield law. The defendant argues that the allegations were admissible under either the second or fourth exceptions to the rape shield law.[5] The defendant further contends that, at a minimum, he was entitled to an evidentiary hearing to determine its admissibility. In support of this contention, the defendant cites *State* v. *Manini*, 38 Conn. App. 100, 659 A.2d 196, cert. denied, 234 Conn. 920, 661 A.2d 99 (1995).

In *Manini*, the defendant was charged with one count of sexual assault. At trial, the defendant moved for an evidentiary hearing to determine the admissibility of the victim's prior sexual conduct.[6] The defendant sought to introduce evidence of the victim's prior claims of sexual assault under *State* v. *Cassidy*, 3 Conn. App. 374, 489 A.2d 386, cert. denied, 196 Conn. 803, 492 A.2d 1239 (1985). *State* v. *Manini*, supra, 38 Conn. App. 115. In *Cassidy*, we determined that where a defendant wanted to admit evidence of prior claims of sexual assault, such claims, *if false*, would be admissible as to the victim's credibility. *State* v. *Cassidy*, supra, 382. In Manini's offer of proof, he submitted that the victim's medical records showed that the victim had made two prior claims of sexual assault. Although the defendant had no basis for stating that the claims were false, the medical records indicating that the victim had "delusions and hallucinations of a highly sexualized nature" supported such an inference. *State* v. *Manini*, supra, 115. The trial court denied the defendant's motion for a hearing on admissibility. We reversed the trial court, finding that the defendant's offer of proof was adequate to support an

---

[5] See footnote 4.

[6] We note that the defendant in the present case did not frame his request for an evidentiary hearing employing the words "move" or "motion." The record is clear, however, that he was seeking permission to offer the type of evidence covered by § 54-86f. See *State* v. *Manini*, supra, 38 Conn. App. 107–108.

inference of the falsity of the prior allegations. We therefore found that the evidence of prior claims was relevant and that the defendant was entitled to a hearing. Id., 115.

After reviewing the record, we agree with the trial court and find that the defendant was not entitled to an evidentiary hearing on the victim's alleged prior allegations of sexual assault by male family members. We held in *Manini* that § 54-86f requires a defendant to make a preliminary showing that the evidence sought to be explored in the evidentiary hearing is relevant. "The showing must be sufficient to enable the trial court to make an informed ruling in connection with the exercise of its discretion on the issue." Id., 114. In the present case, the defendant's preliminary showing did not entitle him to a hearing because he failed to establish even the inference that the victim's prior allegations of sexual assault were false.[7] See *State* v. *Kelly*, 208 Conn. 365, 377, 545 A.2d 1048 (1988). The trial court properly considered all offers of proof by the defendant; it rejected the evidence of prior claims of sexual assault as irrelevant because the defendant failed to establish that they were false. See *State* v. *Slater*, 23 Conn. App. 221, 225, 579 A.2d 591 (1990).

Unlike the defendant's offer of proof in *Manini*, the defendant's offer of proof here contained virtually no support for the contention that the victim's prior allegations were false. In *Manini*, the offer of proof at issue contained evidence of the victim's history of delusions

---

[7] The defendant did establish the requisite inference of falsity regarding a prior allegation of sexual assault made against an unrelated male. In the offer of proof on this prior allegation, the defendant represented that this male had received accelerated rehabilitation with regard to the victim's sexual assault claim against him and steadfastly denied the allegation. The trial court found that the offer of proof entitled the defendant to an evidentiary hearing and allowed him to question the victim about this claim. The evidence, however, was not admissible because at the hearing the defendant failed to prove the falsity of the allegation.

and hallucinations of a sexual nature. In this case, the offer of proof merely contained evidence of some inconsistencies in the victim's accounts of the prior sexual assaults. While these inconsistencies may point to the victim's flawed memory of the prior assaults, they do not supply evidence of falsity. The defendant failed to establish even an inference that the prior claims of sexual assault were false. Therefore, the trial court did not abuse its discretion in denying the defendant's motion for an evidentiary hearing.[8]

We next address the defendant's claim that the trial court's rulings deprived him of his right to confrontation under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. The primary interest secured by the right to confrontation is the right to cross-examination. *Douglas* v. *Alabama*, 380 U.S. 415, 418, 85 S. Ct. 1074, 13 L. Ed. 2d 934 (1965). This right "may include impeaching or discrediting [state witnesses] by attempting to reveal to the jury the witnesses' biases, prejudices or ulterior motives, or facts bearing on the witnesses' reliability, credibility, or sense of perception." *State* v. *D'Ambrosio*, supra, 212 Conn. 55–57.

" 'In determining whether a defendant's right of cross-examination has been unduly restricted, we consider the nature of the excluded inquiry, whether the field of inquiry was adequately covered by other questions that were allowed, and the overall quality of the cross-examination viewed in relation to the issues actually litigated at trial.' " *State* v. *Santiago*, 224 Conn. 325, 331, 618 A.2d 32 (1992), quoting *State* v. *Roma*, 199 Conn. 110, 116, 505 A.2d 717 (1986). "This right is not absolute; *Chambers* v. *Mississippi* [410 U.S. 284, 295,

---

[8] We do not address the issue of whether the evidence of prior allegations of sexual assault falls under any exceptions to the rape shield law because we affirm the trial court's ruling that the evidence failed to meet the threshold requirement of relevancy.

93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973)]; *State* v. *Talton,* [197 Conn. 280, 284, 497 A.2d 35 (1985)]; but may bow to other legitimate interests in the criminal trial process. *Chambers* v. *Mississippi,* supra, 295; *State* v. *Vitale,* 197 Conn. 396, 401, 497 A.2d 956 (1985); *State* v. *Mastropetre,* 175 Conn. 512, 521, 400 A.2d 276 (1978). Such an interest is the trial court's right, indeed, duty, to exclude irrelevant evidence." (Internal quotation marks omitted.) *State* v. *Pratt,* 235 Conn. 595, 604, 669 A.2d 562 (1995), quoting *State* v. *Franko,* 199 Conn. 481, 488, 508 A.2d 22 (1986). "The confrontation clause does not . . . suspend the rules of evidence to give the defendant the right to engage in unrestricted cross-examination. . . . Only relevant evidence may be elicited through cross-examination. . . . The proffering party bears the burden of establishing the relevance of the offered testimony. Unless such a proper foundation is established, the evidence . . . is irrelevant." (Internal quotation marks omitted.) *State* v. *Pratt,* supra, 604–605.

Our review of the record in this case leads us to conclude that the trial court did not violate the defendant's right to confrontation by limiting the inquiry into the defendant's relationship with the victim to the fall of 1991 or by ruling that the evidence of the victim's prior claims of sexual assault was irrelevant and inadmissible. The defendant argues that the evidence of the relationship between the parties prior to the fall of 1991 was relevant and material to establish the victim's bias, motive, and mental state. He further argues that the evidence of the prior allegations should have been admissible because it "fits within the defendant's theory of defense."

The constitution does not require that a defendant be permitted to present every piece of evidence he wants. *Chambers* v. *Mississippi,* supra, 410 U.S. 302; see also *State* v. *Christiano,* 228 Conn. 456, 474, 637 A.2d 382, cert. denied, 513 U.S. 821, 115 S. Ct. 83, 130

L. Ed. 2d 36 (1994). Here, the defendant was allowed to present evidence of the turbulent nature of the victim's relationship with the defendant through his own testimony, along with the testimony of the victim's mother and the defendant's brother. Also, the defendant presented evidence of the victim's mental state through his expert witness, Jeremy August, a psychiatrist. August, who had access to the victim's psychiatric and medical records, testified about the victim's attempted suicide, her subsequent hospitalization, and his conclusion that the victim has a cognitive deficit that prevents her from accurately or truthfully relating events that occurred. It is clear, therefore, that the trial court did not improperly restrict the defendant's field of inquiry regarding bias, motive, credibility and mental state. Furthermore, we have already decided that the trial court properly ruled that the evidence proffered by the defendant was irrelevant. Thus, we conclude that the trial court adequately protected the defendant's right to confrontation. *State* v. *Pratt*, supra, 235 Conn. 604–605.[9]

## II

In the defendant's third claim on appeal, he argues that the trial court abused its discretion by excluding evidence of the substance of an alleged argument between the victim and her mother immediately prior to the disclosure of the allegations on January 5, 1992.

We first consider the state's argument that the defendant failed to raise this claim at trial with sufficient clarity to alert the trial court to the claim now raised on appeal. "The court [on appeal] shall not be bound to consider a claim unless it was distinctly raised at the trial . . . ." Practice Book § 4061. We must examine the record

---

[9] We decline to review separately the defendant's claim that the trial court's rulings deprived him of his due process rights because we find this claim to be subsumed by the analysis of his right to confrontation claim.

to discern whether the defendant raised the issue in question at trial. *State* v. *Zollo*, 36 Conn. App. 718, 726, 654 A.2d 359 (1995).

At trial, the defendant attempted to question the victim about the substance of an argument with her mother on January 5, 1992, the day that her mother found out that the victim had been sexually assaulted. The defendant argued that the substance of the argument was relevant because it caused the victim to cry to her boyfriend on the telephone and ultimately led to the disclosure of the allegations. Furthermore, the defendant asserted that the substance of the argument was material to the defendant's theory that the victim had fabricated and disclosed the allegations on that date in retaliation for "allegations [that] had been made against [the victim] about other misconduct she was engaging in." On the basis of this offer of proof, the trial court ruled that such evidence was irrelevant.

We find that the defendant properly raised the issue at trial; we also find, however, that the trial court did not abuse its discretion in ruling the evidence irrelevant. The substance of the argument on January 5, 1992, is irrelevant to establish that it instigated the victim to fabricate the allegations. The victim had already confided in her teacher and her boyfriend shortly after the assaults occurred in the fall of 1991. Moreover, there is no evidence that the victim's crying on the telephone was related to the argument with her mother. We therefore conclude that the trial court reasonably exercised its discretion in excluding the inquiry.

### III

The defendant's final claim involves the trial court's denial of his motions for mistrial. The defendant contends that certain judicial misconduct and bias denied him his constitutional right to a fair trial. In support of his motions, the defendant cited two incidents of judi-

cial misconduct and bias:[10] (1) a comment made by the trial court during a colloquy regarding an evidentiary issue where the court stated to the defense counsel to take up this issue on appeal;[11] and (2) the trial court's finding the defendant in contempt.[12]

---

[10] On appeal, the defendant cites several other incidents in which he alleges the trial judge displayed misconduct and bias. He failed, however, to present the incidents in his motions for mistrial. " 'It is a well settled general rule that courts will not review a claim of judicial bias on appeal unless that claim was properly presented to the trial court via a motion for disqualification or a motion for mistrial.' " *Knock* v. *Knock*, 224 Conn. 776, 792, 621 A.2d 267 (1993), quoting *Gillis* v. *Gillis*, 214 Conn. 336, 343, 572 A.2d 323 (1990). Absent plain error, a claim of judicial bias cannot be reviewed on appeal unless preserved in the trial court. *Cameron* v. *Cameron*, 187 Conn. 163, 168, 444 A.2d 915 (1982). Plain error exists only in "truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *Small* v. *Stop & Shop Cos.*, 42 Conn. App. 660, 663, 680 A.2d 344 (1996). We find that the defendant's claim of judicial bias does not amount to plain error, therefore, we cannot review the claim as to those incidents not included in the defendant's motions for mistrial.

[11] The comment was elicited by the following exchange:

"[Defense Counsel]: I'll offer these as prior inconsistent statements. It's not what she said on her statement, that's not what she related to the police.

"The Court: But what does the substance of the argument have to do with any issue?

"[Defense Counsel]: There were allegations made, they arose on a certain date, some of which were the fact that allegations had been made against her about other misconduct she was engaging in.

"The Court: And that is totally irrelevant.

"[Defense Counsel]: I don't believe it is, Your Honor.

"The Court: [Defense counsel], you can take that up on appeal.

"[Defense Counsel]: I don't believe there is going to be an appeal in this case, Your Honor.

"The Court: There may not be, and then you won't have to take it up, but that is clearly not relevant."

[12] We will not review the defendant's claim that the contempt findings failed to conform to the rules of practice because the defendant did not raise this issue at trial. See Practice Book § 4061. Furthermore, the defendant has not requested that we review his claims under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). Therefore, we deny review. See *State* v. *Rogers*, 38 Conn. App. 777, 787, 664 A.2d 291, cert. denied, 235 Conn. 918, 665 A.2d 610 (1995).

Accusations of judicial bias or misconduct implicate the basic concepts of a fair trial. *Cameron* v. *Cameron*, 187 Conn. 163, 168, 444 A.2d 915 (1982). "The appearance as well as the actuality of impartiality on the part of the trier" may constitute proof of bias sufficient to warrant disqualification, resulting in a mistrial. Id., 170. The general rule in this state is that a mistrial should be granted only when it is apparent to the court that the misconduct has so prejudiced a party that he can no longer receive a fair trial. See *State* v. *Fleming*, 198 Conn. 255, 264, 502 A.2d 886, cert. denied, 475 U.S. 1143, 106 S. Ct. 1797, 90 L. Ed. 2d 342 (1986); *State* v. *Boone*, 15 Conn. App. 34, 48, 544 A.2d 217, cert. denied, 209 Conn. 811, 550 A.2d 1084 (1988). Applying this rule, we find that the trial court did not improperly deny the defendant's motions for mistrial.

We note that all the incidents the defendant cites in his motions for mistrial, including the unpreserved claims, occurred outside the presence of the jury. Although the defendant claims that the alleged bias "colored the entire proceeding," he fails to demonstrate how he was prejudiced or denied a fair trial. We, therefore, must conclude that the trial court adequately protected the defendant's right to a fair trial.

The judgment is affirmed.

In this opinion the other judges concurred.