TOLLAND BANK *v.* ROBERT G. LARSON ET AL.
(10610)

DUPONT, C. J., FOTI and FREEDMAN, Js.

Argued May 1—decision released July 21, 1992

*William F. McDonald,* with whom was *John H. Parks,* for the appellant (named defendant).

*Jerome Levine,* for the appellee (plaintiff).

FOTI, J. The named defendant,[1] Robert G. Larson, appeals from the judgment of strict foreclosure. The defendant claims that the trial court improperly rendered judgment after refusing to set aside a default for failure to plead. We affirm the judgment of the trial court.

The following facts are pertinent to our decision. In February, 1991, the plaintiff commenced a foreclosure action against a number of defendants, all of whom were defaulted. The defendant Robert G. Larson appeared pro se and was subsequently defaulted in May, 1991, for failure to plead. The plaintiff filed a motion for judgment of strict foreclosure on July 12, 1991. On August 5, 1991, Attorney John H. Parks filed an appearance for the defendant. A hearing on the plaintiff's motion for judgment was scheduled on the short calendar list for Monday, August 19, 1991. On that morning, prior to the 10 a.m. short calendar, the defendant filed an answer to the complaint, in which he claimed to have insufficient knowledge or informa-

---

[1] All other defendants were defaulted for either failure to appear or failure to disclose a defense. They have not appealed. We will refer in this opinion to the named defendant as the defendant.

tion on which to form a belief as to each and every paragraph. The answer was dated August 16, 1991, and certified as having been mailed to all counsel of record on August 17, 1991. Counsel for the plaintiff protested to the court that he had no prior notice or knowledge of the answer and sought to proceed on his motion. The court then asked Parks whether he wanted to have the court set aside the default. The court received no response to this question. The clerk then noted on the defendant's answer, "8-19-91 Default not reopened (*Scheinblum, J.*)" and signed the notation. The plaintiff then provided the court with the original promissory note and mortgage deed, an affidavit of debt dated August 15, 1991, and an original appraisal report performed by Robert G. Stewart. The defendant was given the opportunity, through counsel, to question the appraiser, but counsel declined the offer. The court rendered a judgment of strict foreclosure and set law days beginning October 23, 1991.

The defendant claims that pursuant to Practice Book § 363A[2] the clerk should have set aside the default for failure to plead because he filed an answer before judgment was rendered, and that, therefore, judgment could not have been rendered.[3]

"The design of the rules of practice is both to facilitate business and to advance justice; 'they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or

[2] Practice Book § 363A provides: "Where a defendant is in default for failure to plead pursuant to Sec. 114, the plaintiff may file a written motion for default which shall be acted on by the clerk upon filing, without placement on the short calendar.

"If a party who has been defaulted under this section files an answer before a judgment after default has been rendered by the court, the clerk shall set aside the default."

[3] We note that the proposed amendment to Practice Book § 363A provides: "If a claim for a hearing in damages or a motion for judgment has been filed the default may be set aside only by the court."

injustice.' " *Snow* v. *Calise,* 174 Conn. 567, 574, 392 A.2d 440 (1978); Practice Book § 6. "Rules of practice must be construed reasonably and with consideration of this purpose. . . . Rules 'are a means to justice, and not an end in themselves; their purpose is to provide for a just determination of every proceeding.' " (Citations omitted.) *In re Dodson,* 214 Conn. 344, 363, 572 A.2d 328, cert. denied, 572 U.S. 328, 111 S. Ct. 247, 112 L. Ed. 2d 205 (1990).

Applying these principles to the circumstances of this case, we conclude that the court acted reasonably. The record is clear that the sole purpose of the attempt to open the default was to delay the proceedings so that counsel for the defendant might negotiate a better result with the plaintiff.[4] The delay was sought in the hope of working something out "as a package deal on two properties."

---

[4] The relevant colloquy is as follows:

"The Court: I see an answer dated August 16. Did that follow the default?

"Mr. Parks: Yes, Your Honor. The default as to Robert Larson.

"The Court: So you want me to reopen the default?

"Mr. Parks: I think what happened, Your Honor, let me explain, Mr. Larson has two properties that are both under foreclosure by Tolland Savings Bank.

"The Court: In this one action?

"Mr. Parks: No. A separate action that is also going to judgment. He has got an offer to purchase that, and I was hoping in the time between my filing of the answer and Attorney Levine's filing his default for failure to disclose a defense that we might be able to work out something as a package deal on two properties. I know this is the eleventh hour, and I apologize to him and to his appraiser, but I wasn't able to—as you can see, I just filed my appearance, and I wasn't able to do anything any quicker.

"Mr. Levine: Good morning, Your Honor. For the record, Attorney Jerome Levine. I'm here this morning with Mr. Stewart as my appraiser, and I want to indicate to the court what has happened. I have no pleading from Mr. Parks and was informed when I walked into the courthouse this morning that he had filed some kind of a pleading. I know—

"The Court: It was filed this morning.

"Mr. Levine: That's correct, Your Honor. I know that he appeared in this matter approximately two weeks ago because it was on for judgment two weeks ago and since I was just back from vacation, I couldn't get every-

"[W]e would be reluctant to find an abuse of discretion [for failing to set aside the default and rendering judgment] and to remand . . . where there is nothing in the record to suggest that a meritorious defense may exist." *Burritt Mutual Savings Bank of New Britain* v. *Tucker,* 183 Conn. 369, 374, 439 A.2d 396 (1981). We note that the defendant's answer claimed insufficient knowledge on which to form a belief as to each and every paragraph of the complaint, including allegations that the defendant had signed the promissory note and mortgage deed. It is obvious that unless the defendant is incapacitated or otherwise unavailable to his attorney, such information is within his knowledge so as to require an admission or denial.

" 'Courts have an inherent power to disregard . . . pleadings which have been interposed for the purpose of thwarting the orderly progress of a case.' " *Friedlander* v. *Friedlander,* 191 Conn. 81, 91, 463 A.2d 587 (1983); *Burritt Mutual Savings of New Britain* v. *Tucker,* supra, 373.

---

thing together. I did not hear from Mr. Parks in the two week interim. I called him on Friday merely as a courtesy to say, 'I'm going forward.' I did not hear from him on Friday, and when I got to my office this morning, there was a phone message—

"The Court: Mr. Parks, let me ask you this, if I give a foreclosure by sale, you're going to have enough time to see if you can work something out?

"Mr. Parks: I hadn't anticipated that, Your Honor, because I do believe there is no equity here.

"Mr. Levine: There is no equity, Your Honor.

"The Court: There is no equity. Well, if I give you a nice law day, you can still work things out.

"Mr. Parks: Well, we would prefer to do it the other way, Your Honor, but—

"The Court: Well, what am I supposed to do with Mr. Levine? He came here to court. He brought his witnesses. He says he's been back two weeks and he hasn't heard from you. He called you Friday, and you didn't return the call. What am I supposed to do, ignore him?

"Mr. Parks: No, Your Honor. I apologize for this situation. My client slept on this situation, and I got the thing—

"The Court: Well, then we're going to proceed, and your comments for the record to protect your client are noted."

We will not elevate form over substance. The defendant's sole purpose was delay. He has failed to suggest any defense of at least arguable merit. He was also given full opportunity to participate in the proceedings on the plaintiff's motion for judgment of foreclosure, having conceded that no equity existed in the property.

The judgment is affirmed.

In this opinion the other judges concurred.