[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 25, 1994, the plaintiff, Omega Engineering, Inc. (Omega), filed a complaint seeking a declaratory judgment against the defendant, WJMK-TV Inc. (WJMK), which was returnable on June 14, 1994. An appearance was entered by WJMK on July 15, 1994. On August 15, 1994, WJMK filed a motion for an extension of time within which to plead until September 2, 1994, which was not acted upon by the court. Omega filed a motion for default for failure to plead against WJMK which was granted on August 18, 1994. On August 29, 1994, WJMK filed a motion to set aside the default which was granted on September 14, 1994.
On September 13, 1994, WJMK filed a second motion for an extension of time within which to plead until October 3, 1994, which was not acted upon by the court. On September 13, 1994, Omega filed another motion for default against WJMK for failure to CT Page 12789 plead which the court denied on the ground that WJMK had filed a motion for an extension of time in which to plead. On October 3, 1994, Omega filed another motion for default against WJMK for failure to plead. Also on October 3, 1994, WJMK filed a motion to dismiss Omega's complaint on the ground that the court lacks personal jurisdiction over WJMK.
On October 19, 1994, Omega filed an objection to the motion to dismiss with a memorandum of law. The first ground for Omega's objection is that the motion to dismiss is not timely because it was not filed within 30 days of WJMK's appearance as required by Practice Book §§ 142 and 144. Supplemental memoranda were filed by both parties, at the request of this court, addressing only whether WJMK's motion to dismiss is timely and therefore, may be considered by this court.
Omega contends that WJMK's motion to dismiss is not timely because it was not filed within thirty days of WJMK's appearance in this action as required by Practice Book § 142. Omega further argues that the motions filed by WJMK requesting an extension of time within which to plead were not acted upon by the court and did not toll the 30 day period within which WJMK was required to file the motion to dismiss. WJMK argues that the court still has the discretion to grant a motion for an extension of time to plead or to consider a motion to dismiss and that preventing WJMK from raising the court's lack of personal jurisdiction will prevent it from raising it's constitutional due process claims.
Practice Book § 142 states in pertinent part that "[a]ny defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of filing an appearance." Furthermore, Practice Book § 144 provides that "[a]ny claim of lack of jurisdiction over the person . . . is waived if not raised by a motion to dismiss filed . . . within the time provided by Sec. 142."
In support of its argument that WJMK has waived its right to file the motion to dismiss because the motion is untimely, Omega relies upon Pickett v. T.A.C. Collections. Inc., 31 Conn. App. 909,625 A.2d 845 (1993), in which the plaintiff appealed from the trial court's granting of the defendant's motion to dismiss the plaintiff's complaint for lack of personal jurisdiction. The court reversed the judgment dismissing the action and remanded the cases with direction to deny the motion to dismiss on the ground that the CT Page 12790 defendant's motion to dismiss was not timely in that it was filed more than thirty days after the defendant's appearance, and in accordance with Practice Book §§ 142 and 144 "the objection to personal jurisdiction is waived if a motion to dismiss is not filed within thirty days of the filing of an appearance." Id., 909-10.
Furthermore, Omega relies upon Ecsedy v. Jack Tar VillageResorts, 6 Conn. L. Rptr. 389 (1992) (Katz, J.) as support for its contention that WJMK's filing of motions to extend its time within which to plead, which were not acted upon by the court, did not toll the 30 day period within which WJMK was required to file the motion to dismiss. In Ecsedy, the court held that a motion to extend the time in which to file a motion to dismiss that was not acted upon by the court did not toll the thirty day period in which to file a motion to dismiss pursuant to Practice Book § 142. Id.
Accordingly, the court held that it was foreclosed from considering the defendant's motion to dismiss because the defendant had failed to file the motion within the time period imposed by the Practice Book or to obtain an extension of time in which to file the motion.Id.
WJMK relies upon Signore v. Air Command ManufacturingIndustries, Inc., 7 CONN. L. RPTR. 533 (1992) (Katz, J.), in which the court held that the thirty day period following the defendant's appearance in which the defendant was permitted to file a motion to dismiss was tolled by the entering of a default against the defendant for failure to plead. The court recognized that during the time that the defendant was in default, it could "not properly file any pleadings or motions, other than an answer except by permission of the court. This included a motion to dismiss. " Id.
The court held that the default that had entered on August 12, 1992, against the defendant for failure to plead had tolled the running of the thirty day period from the date of the defendant's appearance on August 4, 1992, in which the defendant could file a motion to dismiss pursuant to Practice Book § 142. Id.
Furthermore, in Signore the court further held that the thirty day period in which to file the motion did not resume until the default against the defendant was reopened, on September 28, 1992, and because the motion to dismiss was filed prior to September 28, 1992, the motion to dismiss was filed within the period required by Practice Book § 142. Id. The court stated that
 [t]o deny the motion to dismiss based on a claim of late filing will deprive the defendant of an opportunity to raise constitutional CT Page 12791 due process claims. Section 6 of the Practice Book states that `these rules . . . will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice.' The court is of the opinion that to deprive the defendant of an opportunity to be heard on a claim of lack of personal jurisdiction, based upon the history of these pleadings, will manifestly be unjust."
Id.; see also Tolland Bank v. Larson, 28 Conn. App. 332
(1992) (stating that practice rules "are a means to justice, and not an end in themselves; their purpose is to provide for a just determination of every proceedings." Id., 335, quoting In re Dodson, 214 Conn. 334,363, 572 A.2d 328, cert. denied, 572 U.S. 328, 111 S.Ct. 247 (1990)); but see Osborne v. Osborne, 2 Conn. App. 635, 639, 482 A.2d 77
(1984) (stating that "[e]ither we adhere to the rules or we do not adhere to them.").
WJMK also relies upon Friedlander v. Kwartin,8 Conn. L. Rptr. 368
(1993) (RUSH, J.) and St. Paul Fire Marine Insurance Co. v. WrapIt Up, 6 Conn. L. Rptr. 201 (1992) (Rush, J.). These cases are distinguishable from the present case because in those cases the defendants had been granted extensions of time in which to plead, which had not been granted to WJMK in the present case, and the defendants had filed their motions to dismiss within the permitted time periods. Parsons v.Roll Decors Co., 6 Conn. L. Rptr. 43 (1992) (Pickett, J.), which is also relied upon by WJMK, is not applicable to the present case because the court did not address the timeliness of the defendants' motion to dismiss, but rather held that the defendants had not waived the right to file a motion to dismiss by filing a motion for an extension of time to plead.
In the present action, WJMK's motion to dismiss is not timely because it was not filed within thirty days of WJMK's appearance on July 15, 1994, and therefore, WJMK waived its claim of lack of personal jurisdiction. See Practice Book § 142; Pickett v. T.A.C.Collections, Inc., supra, 31 Conn. App. 909. The motions for extensions of time within which to plead that were filed by WJMK on August 15, 1994, and September 13, 1994, were not acted upon by the court, and therefore, they did not toll the thirty day period within which WJMK was required to file a motion to dismiss. SeeEcsedy v. Jack Tar Village Resorts, supra, 6 Conn. L. Rptr. 389. The thirty day period within which WJMK was required to file motion to dismiss had already expired when WJMK was defaulted on August 18, 1994, and therefore, the period was not tolled by the default. See Signore v. Air Command Manufacturing Industries, Inc., supra. CT Page 12792
Accordingly, the court denies the motion to dismiss on the grounds that it is not timely filed.