[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO TERMINATE AUTOMATIC STAY #123
The plaintiff, Greenpoint Mortgage Corporation, filed an amended complaint against the defendants, Jennifer Cusack, Lawrence X. Cusack III, B. Morgan Pridemore III, Gary Sasser, the Town of Fairfield and the United States of America, Internal Revenue Service on July 31, 1998. The plaintiff alleged that Jennifer Cusack took a promissory note from the plaintiff in the amount of $924,000 on November 8, 1996. To secure the note, Jennifer Cusack mortgaged the premises located at 104 Old South Road, Fairfield, Connecticut. The note was in default as of November 1, 1997 and the plaintiff moved for foreclosure on the subject premises. Pridemore and Sasser hold a second mortgage on the subject premises, which is the subject of a separate action.[1] The Cusacks did not file any defense to the plaintiff's action.
The court, Ballen, J., ordered a foreclosure by sale on November 23, 1998. The court set a sale date for February 20, 1999, which was to coincide with the sale date set for thePridemore action. On February 18, 1999, the Cusacks filed a motion to open judgment and extend the law day to June 26, 1999. After hearing argument, the motion was denied by the court,Ballen, J. On February 19, 1999, the Cusacks appealed the decision of the court denying her motion to open judgment and extend the law day. The plaintiff now moves to terminate the automatic stay of execution pursuant to Practice Book § 61-11
on the grounds that the Cusacks' appeal is frivolous and filed CT Page 4352 for delay purposes only. The Cusacks filed an objection to the plaintiff's motion to terminate the automatic stay.
Practice Book § 61-11 provides in pertinent part: "In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause; and, if the case goes to judgment on appeal, until ten days after the decision is officially released as set forth in Section 71-4; but if the judge who tried the case is of the opinion that an extension to appeal is sought or the appeal is taken only for delay or that the due administration of justice so requires that judge may at any time, upon motion and hearing, order that the stay be terminated."
"It is within the trial court's discretion to determine whether due administration of justice warrants the termination of a stay of execution." North American Bank Trust v. SultanRealty Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 292441 (April 25, 1995, Thim, J.). "Of consequence is the fact that a stay of execution denies a party successful on the underlying judgment the immediate fruits of victory." Id.
The Cusacks appeal the court's decision on the ground that it did not allow testimony as to the appraisal value of the property. The Cusacks did not propose to offer this testimony until two days before the sale day, and almost four months after judgment of foreclosure by sale was entered. Also, the Cusacks did not file any defense to the underlying foreclosure action.[2] Rather than offering a defense to the entry of judgment of foreclosure by sale, the Cusacks filed a motion to reopen and extend the law date. After four months and on the eve of the sale, the Cusacks sought to avoid the sale of the property for the same reasons which have been advanced numerous times in the past in the Pridemore v. Cusack action.[3] Therefore, the court finds that the motion to reopen the judgment and extend the sale date and the appeal therefrom have been brought only to delay the eventual sale of the subject premises.
Therefore, this case is procedurally similar to Tolland Bankv. Larson, 28 Conn. App. 332, 610 A.2d 720 (1992), a foreclosure action in which there was nothing in the record to suggest an CT Page 4353 even arguably meritorious defense to the underlying foreclosure. Under such circumstances, the Appellate Court affirmed the trial court's decision to deny the defendant's motion to open a default judgment on the ground that the motion was brought solely for the purpose of delay. Id., 336-37.
In North American Bank Trust v. Sultan Realty Corp., supra, Superior Court, Docket No. 292441, the defendants appealed from a denial of a motion to reopen judgment and extend the law day. The plaintiff moved to terminate the automatic stay. The trial court noted that because the new date proposed by the defendants in their motion had already passed, the defendants, in effect, had obtained the relief which they had unsuccessfully sought in their motion. Therefore, the court found that the stay of execution ceased to serve its intended function as the issue underlying the appeal was moot, and the due administration of justice compelled the court to grant the plaintiff's motion to terminate the stay of execution. See also Flannell v. Kane, 21 Conn. App. 819,583 A.2d 356 (1990).
This court recognizes that the Cusacks sought an extension of the sale date to June 26, 1999. The reasoning of the court inNorth American Bank Trust v. Sultan Realty Corp. is nonetheless applicable here, because a new sale date must be set after the termination of the automatic stay. As a practical matter, the new sale date will be after June 26, 1999. As a result, the Cusacks will have successfully delayed the sale to June 26, 1999 and beyond. Thus, as in North American Bank Trust v. Sultan RealtyCorp., the Cusacks will receive the benefit of having the new sale date extended at least until June 26, 1999, regardless of the outcome of the appeal. Under such circumstances, the grounds upon which the Cusacks have appealed are effectively mooted and the due administration of justice requires that this court terminate the automatic stay.
Accordingly, the court grants the plaintiff's motion to terminate the automatic stay on the grounds of both delay and due administration of justice pursuant to Practice Book § 61-11.
BALLEN, J.T.R.