[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court on plaintiff's motion to strike the defendants' answer and special defenses. CT Page 11213
On August 19, 1998, the plaintiff, Ocwen Federal Bank, FSB, filed a one count complaint against the defendants, John and Elizabeth Weinberg, seeking foreclosure of a mortgage, possession of the mortgaged property, a deficiency judgment, money damages, attorney's fees, interests and costs. The plaintiff also named the State of Connecticut as a defendant, because it possibly holds subsequent rights in the mortgage sought to be foreclosed.
The plaintiff alleges that it is an assignee of a note and mortgage executed by the defendants to the McCue Mortgage Company. It is further alleged the the defendants mortgaged property located at 106 Squire Street, New London, Connecticut, to McCue in exchange for $103,600. As a result of various subsequent assignments, the plaintiff now holds and owns the note and mortgage. On September 15, 1998, the plaintiff filed a motion for judgment of strict foreclosure, alleging that the defendants have an unpaid balance of $95,197.38 in principal, plus interest and late charges from April 1, 1998. The plaintiff also alleges that it has elected to accelerate the balance due on the note, and to declare the entire balance due in full.
On September 23, 1998, the defendants filed an answer and two special defenses. On April 15, 1999, the plaintiff filed a motion to strike the defendants' answer and special defenses, and a memorandum of law in support. The defendants filed a memorandum in opposition to the plaintiff's motion to strike on April 30, 1999.
"Whenever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a)(5). "In its ruling on the [plaintiff's] motion to strike, the trial court [has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Danbury v. Dana Investment Corp. , 249 Conn. 1, 17, ___ A.2d ___ (1999), quoting Grant v. Bassman, 221 Conn. 465,472-73, 604 A.2d 814 (1992); see also Practice Book § 10-50. CT Page 11214
The plaintiff moves to strike a portion of the defendants' answer on the ground that it is insufficient as a matter of law because it fails to admit or deny execution of the loan documents. Specifically, the defendants state in their answer that they have knowledge insufficient to respond to the plaintiff's allegation in paragraph three of the plaintiff's complaint, which states that the defendants executed and delivered a mortgage to the McCue Mortgage Company.[1]
The Connecticut Supreme Court has held that an answer alleging "insufficient knowledge" is effectively a denial. See Postemskiv. Watrous, 151 Conn. 183, 185, 195 A.2d 425 (1963). It is well established that "the plaintiff has the burden of proof to establish any allegations that are denied by the defendant[s]."Connecticut National Bank v. N.E. Owen II. Inc.,22 Conn. App. 468, 472, 578 A.2d 655 (1990). "The fact that [the defendant] has answered that she has insufficient knowledge as to certain allegations places no more burden upon the plaintiffs or the court than if she had denied the allegations of those paragraphs. A defendant has no duty to accept the statement of facts alleged by a plaintiff or to admit the allegations merely because the plaintiff has declared them to be true." Zanoni v. Hudon, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 399162 (March 11, 1992, Schaller, J.). The plaintiff's motion to strike this portion of the defendants' answer is denied.
The Connecticut Appellate Court has held that it is improper to answer "insufficient knowledge" to an allegation in a complaint if the answer is within the personal knowledge of the defendant. See Tolland Bank v. Larson, 28 Conn. App. 332, 336,610 A.2d 720 (1992). In Tolland, the defendant attempted to open a default judgment that had previously been entered against him. The court determined that the defendant's sole purpose of attempting to open the prior judgment was to delay the proceedings. The court also noted that the defendant's answer to the plaintiff's complaint claimed "insufficient knowledge" to each and every paragraph of the plaintiff's foreclosure complaint, including the paragraph alleging that the defendant signed a promissory note. The court stated that "unless the defendant is incapacitated or otherwise unavailable to his attorney, such information is within his knowledge so as to require an admission or denial." Id. The court further stated that it is within the power of the court ""to disregard . . . pleadings which have been interposed for the purpose of thwarting CT Page 11215 the orderly progress of a case." Id., quoting Friedlander v.Friedlander, 191 Conn. 81, 91, 463 A.2d 587 (1983).
In the present case, the defendants have not claimed that they are incapacitated, or otherwise unavailable to converse with their attorney on this matter. Thus, an answer alleging "insufficient knowledge" on the issue of mortgage execution is arguably an attempt by the defendants to delay the foreclosure process presently before the court, since whether the defendants did in fact execute a note and mortgage with McCue is within their personal knowledge. There are no facts in the present case, however, which indicate that the defendants answered "insufficient knowledge" to delay the course of trial. Moreover, unlike the facts of Tolland Bank v. Larson, the defendants have not answered "insufficient knowledge" to each and every allegation in the plaintiff's complaint. The defendants' answer should be treated as a denial, and the plaintiff should be left to its burden of proof. Accordingly, the plaintiff's motion to strike this portion of the defendants' answer is denied.
The defendants allege in their first special defense that the plaintiff failed to properly administer the defendants' account by: (1) failing to properly calculate the indebtedness; (2) failing to accept payments made in a timely fashion; (3) failing to properly credit payments; and (4) misapplying payments and failing to account for payments made. The defendants' second special defense alleges that the plaintiff waived its right to acceleration by accepting payments. The plaintiff moves to strike both special defenses on the following grounds: (1) both special defenses are insufficient as a matter of law in that they fail to attack the making, validity or enforcement of the note and mortgage; (2) the special defenses challenge post-conduct of the mortgagee; (3) the special defenses allege no facts and as such are conclusory and insufficient as a matter of law; and (4) proper calculation of the debt is not a defense to foreclosure.
"At common law, the only defenses to an action of [foreclosure] . . ., would have been payment, discharge, release or satisfaction . . ., or, if there had never been a valid lien." (Internal quotation marks omitted.) Southbridge Associates, LLCv. Garofalo, 53 Conn. App. 11, 15, ___ A.2d ___ (1999). "In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident[,] fraud, equitable estoppel, CUTPA, laches[,] breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and CT Page 11216 a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. . . . These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. . . . Further, based on the same rationale, the defenses . . . cannot attack some action or procedure of the lienholder. . . ." (Internal quotation marks omitted.) FederalNational Mortgage v. Mallozzi, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 165698 (February 10, 1999, Hickey, J.); see also Southbridge Associates. LLC v. Garofalo, supra, 15-16. This court has recognized these defenses as well. See Nationbanc Mortgage Corp. of New York v. Correll, Superior Court, judicial district of New London at New London, Docket No. 108152 (January 25, 1999, Mihalakos, J.).
In light of these well-established rules, the plaintiff's motion to strike the defendants' first special defense must be granted. None of the allegations contained in the first special defense attack the making, validity or enforcement of the mortgage; rather, they each refer to the conduct of the plaintiff during the course of their relationship. "Courts have held that defenses to foreclosure are recognized when they attack the note itself rather than some behavior of the mortgagee." Dime SavingsBank of New York, FSB v. Furey, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 047557 (April 1, 1996, Curran, J.). Moreover, "[t]he Superior Court has found that defenses dealing with the conduct of the lender after execution of the mortgage may not be asserted in a foreclosure action as a defense, and such assertions do not deal with the making, validity or enforcement of the note." Federal National Mortgagev. Mallozzi, supra, Superior Court, Docket No. 165698. In the present case, the defendants allege that the plaintiff has not administered their account properly by failing to calculate the debt actually owed, to accept payments made in a timely fashion, to credit payments and to account for payments made. The defendants also claim that the plaintiff has misapplied payments made. These allegations all reference conduct of the plaintiff CT Page 11217 subsequent to the note and mortgage being executed. Where "the defendant's special defenses attack the acts of the plaintiff during the course of their relationship. . . . [t]hese are improper special defenses to a foreclosure action." Home Savingsof America v. Newkirk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150962 (January 5, 1998,Hickey, J.).
Further, courts have held that where special defenses merely allege errors in calculation, as opposed to wilful overcharging, they do not attack the making, validity or enforcement of the mortgage. See GMAC Mortgage Corp. v. Ferrante, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343559 (October 3, 1997, West, J.) (granting plaintiff's motion to strike special defenses alleging overcharging and inaccuracy in assessing sums); ALI Inc. v. Veronneau, Superior Court, judicial district of Waterbury, Docket No. 126431 (October 11, 1996,Kulawiz, J.) (17 Conn. L. Rptr. 677, 679) ("Miscalculat[ions] [of] the amount of interest and other charges for which the defendants are allegedly liable. . . . [do] not amount to an equitable defense which may be raised in a foreclosure action");F.D.I.C. v. Brunetti, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 294979 (March 31, 1993, Fuller, J.) ("Proper calculation of the mortgage debt . . . does not require a special defense"). Such alleged calculation errors occurred subsequent to the making of the note and mortgage, and do not relate to the making, validity or enforcement of the note and mortgage.
In Dime Savings Bank v. Wu, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 107621 (November 25, 1991, Rush, J.) (7 C.S.C.R. 93), the court refused to strike a special defense which alleged that the plaintiff improperly, negligently and erroneously calculated the payments due under the mortgage. In this case, however, the defendants also alleged that the plaintiffs induced them to make the note and mortgage by representing that the interest rate would be adjusted according to a named index which was reasonably available to the public. The court held that "the allegations concerning the representation regarding the index, the calculation of interest, and the . . . [other special defenses] are closely related to the existence of the debt and foreclosure claims asserted in the complaint and, if not considered together, would involve substantial duplication of effort." Id. This case is easily distinguishable from the present case in that the defendants are CT Page 11218 not alleging that they were induced in any way to enter into the note and mortgage based upon a particular rate of interest or method of calculation. The plaintiff's motion to strike the defendants' first special defense is granted.
The defendants' second special defense alleges that the plaintiff waived its right to acceleration by accepting payments. This is a permissible special defense in a foreclosure action, as long as it addresses the making, validity or enforcement of the note or mortgage. See Berkeley Federal Bank Trust v. Rotko, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318648 (January 25, 1996, West, J.); Security PacificNational Trust Co. v. Rolny, Superior Court, judicial district of Litchfield, Docket No. 065267 (July 31, 1995, Pickett, J.);People's Bank v. Perkins, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310482 (November 3, 1994,Ballen, J.); The Glastonbury Bank Trust Co. v. CorbettConstruction Co., Superior Court, judicial district of New London at New London, Docket No. 521355 (October 15, 1992, Walsh, J.) (7 C.S.C.R. 1320, 1321).
The Connecticut Supreme Court has held that inconsistent conduct on the part of the mortgagee, such as previously accepting late payments, may amount to a waiver of the right to accelerate the debt. See Christensen v. Cutaia, 211 Conn. 613,619-620, 560 A.2d 456 (1989). In Christensen, the court determined that "[w]hile inconsistent conduct may, under certain circumstances, be deemed a waiver of a right to acceleration, the insertion of a nonwaiver clause is designed to avoid exactly such an inference." Id. Where there was an express nonwaiver provision, "the plaintiff's earlier election to accept late payments rather than to enforce acceleration did not operate as a waiver of his contractual right to accelerate." (Emphasis added.) Id., 620.
In the present case, paragraph eleven of the mortgage expressly provides:
"Forbearance by Lender Not a Waiver. Any forbearance by lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy." Plaintiff's Exhibit B, ¶ 11. Therefore, the plaintiff's earlier election to accept payments did not operate as a waiver of its rights to later accelerate the entire debt, thus, its motion to strike the second CT Page 11219 special defense is granted.
Mihalakos, J.