[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the plaintiff's motion to strike, dated January 23, 2001, and the defendant's answer and special defense, dated January 10, 2001. The plaintiff, Merrill Lynch Credit Corporation instituted this action by way of a complaint, dated March 14, 2000, against the following defendants, Frances J. Doria, Ricardo Tedesco, Artisans, Inc., Putnam Steel Store, Inc., OG Industries, Inc., and Phoenix of Fairfield County.[1] In its complaint, the plaintiff makes the following allegations. By a note dated August 26, 1993, Frances J. Doria, one of the named defendants, promised to pay to the order of the plaintiff the principal sum of one million one hundred and fifty thousand dollars with interest, as provided by the terms of the note. In order to secure the note, Doria, by deed dated August 26, 1993, mortgaged to the plaintiff a parcel of land located at 21 Midwood Drive, Greenwich, Connecticut. This mortgage was recorded on the Greenwich land records on August 30, 1993, in volume 2429, page 235. Said note and mortgage are now in default due to Doria's failure to make payments according to the terms of the note. The plaintiff has exercised the acceleration option contained in the note, which allows it to declare the entire balance of the note due and payable immediately. The plaintiff is still the owner and holder of the note and mortgage, and claims that the principal balance of one million one hundred and fifty thousand dollars plus interest remains due and unpaid.[2] In addition, the plaintiff reserved its right to make a claim for any sum or sums that it has or may hereafter advance to pay CT Page 8880 taxes, insurance premiums, or any other expenses required to protect its Interest in the mortgaged premises, together with the costs and expenses of this action, including reasonable attorney's fees. The plaintiff claims that Doria is in possession of and the record owner of the mortgaged premises, and the owner of the equity of redemption. Accordingly, the plaintiff seeks a foreclosure of the mortgage, immediate possession of the mortgaged premises, a deficiency judgment, and other equitable relief that the court deems proper.
In the answer dated January 10, 2001, Doria admits that she is the record owner of and mortgaged the property at 21 Midwood Drive. As to the remaining allegations of the complaint, Doria claims that she "does not have sufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to its proof." She also asserts, as a special defense, that the plaintiff failed to act or to properly act in accordance with its obligations under the terms of the note and mortgage and accordingly, this action is defective as a matter of law. In its motion to strike, filed January 25, 2001, the plaintiff asserts that the answer should be stricken because it is evasive and not responsive to the complaint, and that the special defense should be stricken because it is vague and uncertain, and legally insufficient to constitute a defense to a foreclosure action. In response, Doria asserts that the vehicle to remedy the deficiencies in her answer and special defense is by way of a request to revise and not a motion to strike.
Practice Book § 10-39 provides, in pertinent part, "[w]henever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." "In . . . ruling on [a] motion to strike, the trial court [is obligated] to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
As to Doria's answer, the Connecticut Supreme Court has held that "[t]he pleading of no knowledge or information to . . . allegations is in effect a denial." Postemski v. Watrous, 151 Conn. 183, 185, 195 A.2d 425
(1963). "[T]he plaintiff has the burden of proof to establish any allegations that are denied by the defendant." Connecticut National Bankv. N.E. Owen II, Inc., 22 Conn. App. 468. 472, 578 A.2d 655 (1990). "The fact that [the defendant] has answered that she has insufficient knowledge as to certain allegations places no more burden upon the [plaintiff] or the court than if she had denied the allegations of those paragraphs. A defendant has no duty to accept the statement of facts alleged by a plaintiff or to admit the allegations merely because the CT Page 8881 plaintiff has declared them to be true." Zanoni v. Hudon, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 399162 (March 11, 1992, Schaller, J.).
The Connecticut Appellate Court has held, however, that it is improper to answer "insufficient knowledge" to an allegation in a complaint if the answer is within the personal knowledge of the defendant. Tolland Bankv. Larson, 28 Conn. App. 332, 336, 610 A.2d 720 (1992). "[U]nless the defendant is incapacitated or otherwise unavailable to his attorney, such information is within his knowledge so as to require an admission or denial." Id. In Tolland Bank v. Larson, supra, 336, the Appellate Court noted that "the defendant's answer claimed insufficient knowledge on which to form a belief as to each and every paragraph of the complaint, including allegations that the defendant signed the promissory note and mortgage deed." The Appellate Court went on to note that the defendant's sole purpose in filing such an answer was to delay the proceedings in the case. Id, 337. Here, Doria does not claim that she was incapacitated or unavailable to her attorney. Further, the plaintiff does not provide and the court cannot find any evidence that Doria's intent in filing such a pleading was to delay proceedings in this case. The court notes, however, that Doria's answer to allegations 1 and 3 of the complaint are clearly within her personal knowledge so as to require an admission or denial.[3]
In fact, in her special defense, Doria alleges that the plaintiff did not act in accordance with the conditions imposed by the note, thereby implying that she has knowledge of the note as it relates to her. Accordingly, the court grants the motion to strike paragraphs 1 and 3 of Doria's answer. The court denies the motion to strike as to the remaining paragraphs of Doria's answer as these are in effect denials and will be so construed.
The plaintiff also moves to strike Doria's special defense. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Danbury v. Dana Investment Corp.,249 Conn. 1, 17, 730 A.2d 1128 (1999); see also Practice Book § 10-50. "At common law, the only defenses to [a foreclosure action are] payment, discharge, release or satisfaction . . . or if there had never been a valid lien. . . . Moreover, our courts have permitted several equitable defenses to a foreclosure action." If the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had. . . . Other equitable defenses that our Supreme Court has recognized in foreclosure actions include [unconscionability, abandonment of security, and usury.] (Citations omitted.) Southbridge Associates, LLC v. Garafolo, 53 Conn. App. 11,15-16, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). "These special defenses have been recognized as valid special defenses CT Page 8882 where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) Federal National Mortgage v.Mallozzi, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 165698 (February 10, 1999, Hickey, J.).
"The Superior Court has found that defenses dealing with the conduct of the lender after the execution of the mortgage may not be asserted in a foreclosure action as a defense, and such assertions do not deal with the making, validity or enforcement of the note." Id. In her special defense, Doria alleges that "the plaintiff has failed to act or properly act in accordance with the obligations imposed by the note and mortgage deed and therefore, the action is defective as a matter of law." Doria does not attack the making, validity, or enforcement of the note, but attacks the plaintiff's behavior or conduct after the execution of the note and mortgage. In addition, the special defense is legally insufficient because it contains a conclusion without any supporting facts. Accordingly, the court grants the motion to strike the special defense as it is legally insufficient and is not a valid defense in a foreclosure action.
In conclusion, the court grants the plaintiff's motion to strike paragraphs 1 and 3 of Doria's answer and denies the motion as to the remaining paragraphs. The court also grants the motion as to Doria's special defense.
 ___________________ HICKEY, JUDGE